

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. J. Wilde
County Auditor
Nueces County
Corpus Christi, Texas

Dear Sir:
Opinion No. O-5305
Re: Salary of deputy court reporter.

Your letter of May 13, 1943, requesting the opinion of this department on the question stated therein reads in part as follows:

"The 117th District Court of Nueces County employs a Deputy Court Reporter in addition to the regular reporter, but, in view of the fact that the major portion of said deputy's time is used in keeping-up with the records of the various divorce cases in said court and the checking of the payments made by former husbands for the support of children, said reporter is receiving a salary of $150.00 per month. The question I would like to have answered in this connection is:

"'Could the said reporter at any time demand that the salary paid was not in conformity with Article 2323, namely, "the same salary and fees as the official shorthand reporter to be paid in the manner provided for the official shorthand court reporter"?'

"In other words, would Nueces County be liable and compelled at some later date to pay the difference between the $150.00 per month and the stipulated amount paid court reporters in this county on the basis of $2,700.00 per annum?

". . . ."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Article 2323, Vernon's Annotated Civil Statutes provides:

"In case of illness, press of official work, or unavoidable disability of the official short-hand reporter to perform his duties in reporting proceedings in court, the judge of the court may, in his discretion, authorize a deputy shorthand reporter to act during the absence of said official shorthand reporter, and said deputy shorthand reporter shall receive, during the time he acts for said official shorthand reporter, the same salary and fees as the official shorthand reporter of said court, to be paid in the manner provided for the official shorthand reporter; but the said official shorthand reporter shall also receive his salary in full during said temporary disability to act. The necessity for a deputy official short-hand reporter shall be left entirely within the discretion of the judge of the court."

Official shorthand reporters in Nueces County are paid $2,700.00 each per annum. Under Article 2323, supra, the necessity for a deputy official shorthand reporter is left entirely within the discretion of the judge of the court. When a deputy court reporter is appointed by the court said deputy reporter shall receive during the time he acts for said official shorthand reporter the same salary and fees as the official shorthand reporter of the court to be paid in the manner provided for the official shorthand reporter.

It is our opinion that a deputy shorthand reporter is an officer in the sense and to the extent that he is not entitled to receive any compensation for his official serv-ices other than that which has been provided by law. No ef-fect will be given to a contract whereby he is to receive from the county or from third persons a different, or greater or less compensation for his official services than that which has been prescribed by law. (Robertson v. Ellis County, 84 S. W. 1097; Rice v. Roberts, 177 S. W. 149; Lattimore v. Tarrant County, 124 S. W. 205; Texas Jurisprudence, Vol. 34, p. 534, and authorities cited therein).

For the sake of convenience we will answer both of your questions, as stated above, together. It is our opinion

that when a deputy court reporter is lawfully appointed by the court such deputy reporter shall receive during the time he acts the same salary and fees as the official shorthand reporter of the court to be paid in the manner provided for the official shorthand reporter. It is our further opinion that if the deputy court reporter here involved was legally appointed and actually performs the duties imposed upon him by law, then Nueces County would be liable and could be compelled to pay the difference between the compensation paid the deputy shorthand reporter and the amount of compensation paid the official shorthand reporter for and during the time the deputy shorthand reporter acts. (See the cases of Nacogdoches County v. Winder, 140 S. W. (2) 972; Nacogdoches County v. Jinkins, 140 S. W. (2) 901; Stephens County v. Haynes, 284 S. W. 225; Hall v. McConnell, 65 Tex. 397).

This opinion is not to be construed as holding that it is the duty of an official shorthand reporter or a deputy court reporter to perform the services mentioned in the first paragraph of your letter nor that the Judge of the Court has the authority to appoint a deputy court reporter to render such services.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW:mp

APPROVED MAY 24, 1943

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN